IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT D. HINSON | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-258 |
| ZENA STEPHENS, ET AL. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Robert D. Hinson, an inmate confined at the Jefferson County Jail, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Zena Stephens, Captain Minter, and Captain Morris.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Analysis

Plaintiff moved for default judgment against the defendants. (Doc. #18.) Federal Rule of Civil Procedure 55(a) authorizes the entry of a default judgment against a party against whom a judgment for affirmative relief is sought when such party fails to plead or otherwise respond to the action. A default judgment is a discretionary remedy. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). The United States Court of Appeals for the Fifth Circuit generally favors resolving cases on the merits, but has found that considerations of social goals, justice, and expediency may warrant the exercise of the district court's discretion to grant a default judgment. *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). Because the entry of judgment by default is a drastic remedy, it should be used only in

extreme situations. *E.F. Hutton & Co. v. Moffat*, 460 F.2d 284, 285 (5th Cir. 1972); *see also Effjohn*, 346 F.3d at 563 (emphasizing that defaults are not favored and any doubts should be resolved in favor of the defendant). It is only appropriate where there has been a clear record of delay or contumacious conduct. *Moffat*, 460 F.2d at 285.

A necessary prerequisite to the entry of a default judgment is that the party against whom such a judgment is sought must have been served with process compelling the party to plead or otherwise respond to the action. In this instance, the defendants have not been served. As a result, Plaintiff's Motion for Default Judgment should be denied.

## Recommendation

Plaintiff's Motion for Default Judgment should be denied.

## Objections

.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by

the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this the 1st day of November, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE