IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT D. HINSON | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-258 |
| ZENA STEPHENS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert D. Hinson, an inmate confined at the Jefferson County Jail, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Zena Stephens, Captain Minter, and Captain Morris.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

On September 8, 2021, Plaintiff alleges he was charged with multiple disciplinary infractions. Plaintiff claims that another prisoner was charged with the same infractions, but the charges against the other prisoner were dismissed. Plaintiff contends he was innocent of the disciplinary charges. Following a hearing, Lieutenant Minard found Plaintiff guilty of the charges and sanctioned him with fifteen days of restriction. While he was on restriction, Plaintiff alleges he was not permitted to send messages by the Kiosk Smart Jail mail system, although he was permitted to send letters during that time. Plaintiff also alleges the Kiosk system is not set up in a manner to allow prisoners privacy.

On October 10, 2021, Plaintiff requested Officer Dotson to provide him with the address for the federal court. Plaintiff alleges Officer Dotson told him that they only provide prisoners with the

addresses of the criminal courts. On October 14, 2021, Officer D. Jones told Plaintiff that she had sent him the addresses, but Plaintiff alleges he did not receive the addresses he requested. On October 29, 2021, Plaintiff received the addresses for the criminal courts instead of the federal courts.

Plaintiff alleges prisoners housed in a specific area of the Jefferson County Jail were exposed to COVID-19 when prisoners who showed symptoms of the virus were moved into that housing area on December 23, 2021. Plaintiff states that the prisoners who had symptoms of the virus were quarantined, but the rest of the prisoners were not tested for the virus.

On January 11, 2022, Plaintiff alleges medication was distributed during the night, while the prisoners were sleeping. Plaintiff alleges Officer Brazil forced the prisoners to wake up to take their medicine or sign a refusal form.

Plaintiff alleges Officer Hare took Plaintiff's container of coffee from him on February 7, 2022, and poured some of his coffee into her cup.

On February 10, 2022, Plaintiff alleges prisoners were told that Defendant Morris had said that prisoners could not pray together. Plaintiff claims the Muslim inmates were prevented from praying together on April 12, 2022, at 7:50 p.m.

On March 29, 2022, Plaintiff received a legal case he had requested, but there were pages missing from the opinion. Plaintiff claims Officer D. Jones told him that his lawyer would provide him with the rest of the legal materials he needed.

Plaintiff claims Officer Sellers engaged in retaliatory behavior by: (1) failing to open the dayroom at 9:00 a.m. on April 23, 2022; (2) failing to open the dayroom at 9:00 a.m. on April 30, 2022, and only turning on one television; and (3) only turning on one television on May 3, 2022.

On several other occasions in May and June of 2022, the prisoners had delayed access to the dayroom or were required to stay in their bunks for a short period of time due to the disciplinary infractions of other prisoners.

Plaintiff alleges prisoners are required to spend an hour in the recreation yard each day, where there is no access to running water, toilets, or benches. Plaintiff alleges that if any prisoners commit an infraction on the recreation yard, then all the prisoners are required to get down on the concrete.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for

3

failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

To successfully plead a cause of action in a civil rights case, Plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff does not allege facts demonstrating that Defendants were personally involved in alleged violations of Plaintiff's constitutional rights. In an amended pleading (doc. #14 at 2), Plaintiff states that he named Stephens, Minter, and Morris as Defendants because they are supervisors.

Under § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisor may be held liable only for implementing a policy that repudiates constitutional rights and the policy is the moving force of the constitutional violation. *Id.* Accepting Plaintiff's allegations as true, there is no basis

4

to hold Defendants Stephens, Minter, and Morris liable in a supervisory capacity because Plaintiff does not allege that they implemented a constitutionally-deficient policy that resulted in a violation of Plaintiff's constitutional rights. Therefore, the claims Plaintiff raises on his own behalf are frivolous and fail to state a claim upon which relief may be granted.

Plaintiff's Complaint also raises general allegations regarding the conditions of confinement and events that took place at the Jefferson County Jail, but did not personally affect Plaintiff. The judicial powers given to federal courts under Article III of the United States Constitution exist only to redress or otherwise protect against injury to a complaining party. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In order to have standing to bring a claim in a federal court, the litigant must allege actual or threatened "injury in fact, economic or otherwise." *Ass'n of Data Processing Orgs. v. Camp*, 397 U.S. 150, 152 (1970). "Standing defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling." *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992). Plaintiff has failed to allege any facts that would allow him to bring claims on behalf of other prisoners. *See Warth*, 422 U.S. at 499 (noting that litigants generally must assert their own legal rights and interests). As a result, those claims must be dismissed for lack of standing.

## Recommendation

This civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief may be granted.

5

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 1st day of February, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE